1
2
3
4
5
6

7            IN THE UNITED STATES DISTRICT COURT

8            FOR THE EASTERN DISTRICT OF CALIFORNIA

9    KENNETH  KNANISHU,

10            Plaintiff,                 No. 2:10-cv-0005 JFM (PC)

11        vs.

12   SACRAMENTO SHERIFF'S DEPT.,         ORDER AND
     et al.,
13            Defendants.                FINDINGS & RECOMMENDATIONS

14   _____/

15            Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

16   42 U.S.C. § 1983.  Plaintiff is presently housed at Salinas Valley State Prison in Soledad,

17   California.  This matter is before the court on defendants' motion to dismiss.  Defendants

18   contend that this action is barred by the applicable statute of limitations and that plaintiff has

19   failed to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6).

20   Plaintiff opposes the motion.

21                        FACTUAL ALLEGATIONS

22            Plaintiff, a protective custody inmate, alleges that on "Tuesday 2, 2007," while he

23   was housed at Sacramento County Jail, defendant Deputy Jacoby, the control booth officer,

24   opened plaintiff's cell door and allowed an inmate named Caudle into the cell.  Plaintiff claims

25   Caudle beat him with a broken toilet plunger handle, causing numerous injuries.  Plaintiff alleges

26   that other inmates heard his cries for help and pressed emergency buttons.  Approximately ten to

                                          1

1  fifteen minutes later, Deputy Jacoby arrived at the cell.  Fifteen to twenty minutes after Deputy

2  Jacoby's arrival, medical aid arrived.  Plaintiff was transported to a hospital in Stockton, CA

3  where he received multiple stitches.  Plaintiff makes no charging allegations against any of the

4  other named defendants.

5                                       PROCEDURAL HISTORY

6             On December 31, 2009, plaintiff filed a complaint against defendants Sheriff John

7  McGinness, Lt. Brelji, Deputy Jacoby and Sacramento County Sheriff's Department.  On July 2,

8  2010, defendants filed a motion to dismiss.  On August 5, 2010, plaintiff filed an opposition.

9                              STANDARDS FOR A MOTION TO DISMISS

10            Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to

11  dismiss for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).

12  In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must accept as

13  true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197

14  (2007), and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes,

15  416 U.S. 232, 236 (1974).  In order to survive dismissal for failure to state a claim a complaint

16  must contain more than "a formulaic recitation of the elements of a cause of action;" it must

17  contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell

18  Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007).  However, "[s]pecific facts are not

19  necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim

20  is and the grounds upon which it rests.'"  Erickson, 551 U.S. 89, 127 S.Ct. at 2200 (quoting Bell

21  Atlantic at 554, in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

22            Although the court previously issued a screening order that expressly stated that

23  plaintiff stated a cognizable claim against defendants, the court finds that this finding does not

24  foreclose defendants' right to bring a motion to dismiss on the same grounds.  See Teahan v.

25  Wilhelm, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007) (finding that the screening and dismissal

26  procedure under the Prison Litigation Reform Act "is cumulative of, not a substitute for, any

                                                  2

1    subsequent Rule 12(b)(6) motion that the defendant may choose to bring"). The court will

2    consider the merits of defendants' motion to dismiss.

3             On March 30, 2010, plaintiff received the notice required by <u>Wyatt v. Terhune</u>,

4    305 F.3d 1033 (9th Cir. 2002), for opposing a motion to dismiss for failure to exhaust

5    administrative remedies pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.

6                                        DEFENDANTS' MOTION

7    A.       <u>Failure to State a Claim</u>

8             Defendants first seek dismissal of plaintiff's complaint for plaintiff's failure to

9    allege sufficient facts against any of the defendants.  In his opposition, plaintiff attaches his

10   grievances filed with the Sacramento County Sheriff's Department and all responses thereto.[1]

11   Plaintiff claims that Sheriff McGinness and Lt. Brelji are Deputy Jacoby's supervisors, and that

12   the Sacramento County Sheriff's Department is "the governing body of all of the listed

13   defendants."

14            A complaint, or portion thereof, should only be dismissed for failure to state a

15   claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

16   of facts in support of the claim or claims that would entitle him to relief.  <u>Hishon v. King &</u>

17   <u>Spalding</u>, 467 U.S. 69, 73 (1984) (citing <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)); <u>Palmer</u>

18   <u>v. Roosevelt Lake Log Owners Ass'n</u>, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

19   complaint under this standard, the court must accept as true the allegations of the complaint in

20   question, <u>Hospital Bldg. Co. v. Rex Hosp. Trustees</u>, 425 U.S. 738, 740 (1976), construe the

21   pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,

22   <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

23            The court has determined that the complaint does not contain a short and plain

24   statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible

25   _____

26            [1]  The court cannot consider materials outside of the complaint on a Rule 12(b)(6) motion
     to dismiss.  <u>Anderson v. Angelone</u>, 86 F.3d 932, 934 (9th Cir. 1996).

                                                  3

pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.  Because plaintiff has failed to allege any facts as to defendants McGinness, Brelji and the Sacramento County Sheriff's Department in his complaint, this claim should be dismissed as to these defendants.

Plaintiff's current complaint also fails as to defendant Jacoby.  To state a claim that his conditions of confinement violate the Eighth Amendment prohibition against cruel and unusual punishment, plaintiff must allege: (1) "a substantial risk of serious harm"; and (2) that prison officials acted with "deliberate indifference" to that risk.  Farmer v. Brennan, 511 U.S. 825, 834,  (1994).  Deliberate indifference requires that a prison official "know[ ] of and disregard[ ] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Id. at 837.  Under the Eighth Amendment, "prison officials have a duty ... to protect prisoners from violence at the hands of other prisoners."  Id. at 833.  Plaintiff has failed to allege any facts that establish that defendant Jacoby was aware of a substantial risk of harm to plaintiff's safety, and that the risk was consciously disregarded.  This claim should also be dismissed without prejudice as to defendant Jacoby.

B.    Statute of Limitations

Defendants also seek dismissal on the ground that plaintiff's complaint is barred by the statute of limitations.  Plaintiff does not address this argument.

California law determines the applicable statute of limitations in this § 1983 action.  See Wilson v. Garcia, 471 U.S. 261 (1985).  The applicable state limitations period is two years.  See Cal. Code Civ. P. § 335.1; see also Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004).  Federal law governs when plaintiff's § 1983 claims accrued and when the limitations period begins to run.  Cabrera v. City of Huntington Park, 159 F.3d 374, 379 (9th Cir. 1998).

1  Under federal law, "the claim generally accrues when the plaintiff 'knows or has reason to know

2  of the injury which is the basis of the action.'"  Id. (citations omitted).

3          Plaintiff alleges that the incident at issue took place on "Tuesday 2, 2007."

4  Defendants request that the court take judicial notice that in 2007, the second day of the month

5  fell on a Tuesday in two months: January and October.  Relying on the latter date of October 2,

6  2007, defendants argue that because plaintiff's complaint was not filed until December 31, 2009,

7  the action was filed beyond the statutory time period.

8          Defendants, however, fail to address the fact that, in California, the applicable

9  statute of limitations period is tolled for up to two years if the cause of action accrued while the

10  plaintiff was in prison for a term that is less than life.[2]  Cal. Civil P. Code § 352.1; Jones v.

11  Blanas, 393 F.3d 918, 927 (9th Cir. 2004).  Thus, even assuming the alleged attack on plaintiff

12  occurred on January 2, 2007, plaintiff's December 31, 2009 complaint is timely filed.

13          Based thereon, defendants' motion to dismiss should be denied as to this ground.

14          For all of the foregoing reasons, IT IS HEREBY ORDERED that a district judge

15  be assigned to this case, and

16          IT IS HEREBY RECOMMENDED that:

17          1.  Defendants' July 2, 2010 motion to dismiss be granted in part and denied in

18  part;

19          2.  Plaintiff's complaint against all defendants except defendant Jacoby be

20  dismissed; and

21          3.  Plaintiff's complaint against defendant Jacoby be dismissed without prejudice

22  and that plaintiff be granted thirty days to file an amended complaint against defendant Jacoby

23

24          [2]  It does not appear that plaintiff is serving a life sentence.  Review of relevant
   documents indicates that plaintiff was initially sentenced in the Eastern District of California in
25  2007 for a prison term of 60 months based on a conviction for transportation of visual depictions
   of minors engaged in sexually explicit conduct.  See Case No. 2:05cr0105-WBS (E.D. Cal.
26  2005).

that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint". Plaintiff must file an original and two copies of the amended complaint. Failure to file an amended complaint in accordance with this order will result in a recommendation that this action against defendant Jacoby be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 24, 2010.

UNITED STATES MAGISTRATE JUDGE

/014;knan0005.mtd