IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH KNANISHU,

    Plaintiff,               No. 2:10-cv-0005 JAM JFM (PC)

    vs.

SACRAMENTO SHERIFF'S DEPT., et al.,

    Defendants.        ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is presently housed at Salinas Valley State Prison in Soledad, California. Before the court are plaintiff's motion for leave to file an amended complaint and defendant's motion to dismiss plaintiff's amended complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

SCREENING REQUIREMENT

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

1

1	A claim is legally frivolous when it lacks an arguable basis either in law or in
2	fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221,
3	1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based
4	on an indisputably meritless legal theory or where the factual contentions are clearly baseless.
5	Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however
6	inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d
7	639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.
8	Rule 8(a) (2) of the Federal Rules of Civil Procedure "requires only 'a short and
9	plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
10	defendant fair notice of what the ... claim is and the grounds upon which it rests.' "  Bell Atlantic
11	Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47
12	(1957)).  However, in order to survive dismissal for failure to state a claim a complaint must
13	contain more than "a formulaic recitation of the elements of a cause of action;" it must contain
14	factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic,
15	550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the
16	allegations of the complaint.  See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740
17	(1976).  The court must also construe the pleading in the light most favorable to the plaintiff and
18	resolve all doubts in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

19	PLAINTIFF'S AMENDED COMPLAINT

20	Plaintiff, a protective custody inmate, alleges that, while he was housed at
21	Sacramento County Jail, defendant Deputy Jacoby, the control booth officer, opened plaintiff's
22	cell door and allowed an inmate named Caudle into the cell.  Plaintiff claims Caudle beat him,
23	causing numerous injuries.  Plaintiff alleges that other inmates heard his cries for help and
24	pressed emergency buttons.  Plaintiff claims that twenty-five to thirty-five minutes passed before
25	any medical aid was offered.  Plaintiff was transported to a hospital where he received multiple
26	stitches.

Plaintiff relies on documents attached to his amended complaint entitled "Sacramento County Sheriff's Department Continuation Report" allegedly written by defendant Jacoby. Therein, defendant Jacoby writes that Caudle had at one point expressed concern that plaintiff was not showering often enough. Plaintiff claims that these statements are sufficient to conclude that Jacoby "knew that Caudle was upset or had [plaintiff] under his radar."

## PROCEDURAL HISTORY

On December 31, 2009, plaintiff filed a complaint against defendants Sheriff John McGinness, Lt. Brelji, Deputy Jacoby and Sacramento County Sheriff's Department. On July 2, 2010, defendants filed a motion to dismiss. On August 5, 2010, plaintiff filed an opposition.

The undersigned filed findings and recommendations on August 25, 2010, which were adopted in their entirety by the Honorable John A. Mendez on September 22, 2010 and plaintiff was granted leave to file an amended complaint. Prior to their adoption, however, plaintiff filed a motion for leave to file an amended complaint alleging deliberate indifference against defendant Jacoby. Also prior to their adoption, Jacoby filed a motion to dismiss plaintiff's amended complaint.

## DISCUSSION

The allegations of plaintiff's amended complaint remain so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). In this regard, plaintiff must allege, with at least some degree of particularity, overt acts which the defendant engaged in that support his claims. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a), the complaint must be dismissed. Given the deficiencies of plaintiff's complaint and amended complaint, the court has serious doubts about whether plaintiff can allege sufficient facts with respect to this incident to state a cognizable

3

claim for relief.  Nonetheless, out of an abundance of caution, the court will grant plaintiff leave to file a second amended complaint.

1.     Deliberate Indifference – Failure to Protect

Plaintiff's first two claims are construed as a failure to protect claim.

To state a claim that his conditions of confinement violate the Eighth Amendment prohibition against cruel and unusual punishment, plaintiff must allege: (1) "a substantial risk of serious harm"; and (2) that prison officials acted with "deliberate indifference" to that risk. Farmer v. Brennan, 511 U.S. 825, 834 (1994).  Deliberate indifference requires that a prison official "know[ ] of and disregard[ ] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Id. at 837.  Under the Eighth Amendment, "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners."  Id. at 833.

Plaintiff has failed to allege any facts that establish that defendant Jacoby was aware of a substantial risk of harm to plaintiff's safety, and that the risk was consciously disregarded.  The mere fact that defendant Jacoby was aware that Caudle had at one time expressed concern about plaintiff's hygiene does not support the conclusion that defendant Jacoby was deliberately indifferent.  There is nothing in the amended complaint that would indicate that Jacoby knew of and disregarded an excessive risk to plaintiff's safety when she opened the cell door for Caudle.

This claim is dismissed.

2.     Deliberate Indifference – Delaying Medical Care

Plaintiff also claims defendant Jacoby violated the Eighth Amendment when she delayed in providing medical care.

It is true that delays in providing medical care may manifest deliberate indifference.  Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).  However, in order to establish a

4

1  claim of deliberate indifference arising from delay in providing care, a plaintiff must show that
2  the delay was harmful. See Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); Wood v.
3  Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th
4  Cir. 1989); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).
5  "A prisoner need not show his harm was substantial; however, such information would provide
6  additional support for the inmate's claim that the defendant was deliberately indifferent to his
7  needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).  Plaintiff fails to state any facts that
8  would indicate that the 25 to 35 minute delay in receiving medical attention was harmful.  Based
9  thereon, this claim is dismissed.

10  If plaintiff chooses to file a second amended complaint, plaintiff must
11  demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's
12  constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the second
13  amended complaint must allege in specific terms how each named defendant is involved.  There
14  can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection
15  between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362
16  (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740,
17  743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in
18  civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.
19  1982).

20  In addition, plaintiff is informed that the court cannot refer to a prior pleading in
21  order to make plaintiff's second amended complaint complete.  Local Rule 220 requires that an
22  amended complaint be complete in itself without reference to any prior pleading.  This is
23  because, as a general rule, an amended complaint supersedes the original complaint. See Loux v.
24  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the
25  original pleading no longer serves any function in the case.  Therefore, in a second amended
26  /////

complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed;

2. Defendant Jacoby's motion to dismiss is denied; and

3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Second Amended Complaint.

Plaintiff's second amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; failure to file a second amended complaint in accordance with this order may result in the dismissal of this action.

DATED: October 18, 2010.

UNITED STATES MAGISTRATE JUDGE

/014;knan0005.mtd2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH KNANISHU,

       Plaintiff,                  No. 2:10-cv-0005 JAM JFM (PC)

  vs.

SACRAMENTO SHERIFF'S DEPT.,

et al.,

       Defendants.            <u>NOTICE OF AMENDMENT</u>

_____/

       Plaintiff hereby submits the following document in compliance with the court's order filed _____:

    _____      Second Amended Complaint

DATED:

                                          _____

                                                      Plaintiff

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26