IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH KNANISHU,

    Plaintiff,　　　　　　　　　No. 2:10-cv-0005 JAM JFM (PC)

  vs.

SACRAMENTO SHERIFF'S DEPT.,
et al.,
    Defendants.　　　　　　　　ORDER AND

    _____/　　FINDINGS & RECOMMENDATIONS

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is presently housed at Salinas Valley State Prison in Soledad, California. Before the court are plaintiff's motion for an extension of time; motion to amend; and "motion for leave to file a second amended complaint"[1]. Also before the court is defendant Jacoby's motion to dismiss plaintiff's second amended complaint.

PROCEDURAL HISTORY

On December 31, 2009, plaintiff filed a complaint against defendants Sheriff John McGinness, Lt. Brelji, Deputy Jacoby and Sacramento County Sheriff's Department. On July 2, 2010, defendants filed a motion to dismiss. On August 5, 2010, plaintiff filed an opposition.

/////

---

[1] Plaintiff's request to file a second amended complaint is erroneous in that plaintiff in fact seeks leave to file a third amended complaint.

1

The undersigned filed findings and recommendations on August 25, 2010, which were adopted in their entirety by the Honorable John A. Mendez on September 22, 2010 and plaintiff was granted leave to file an amended complaint. Prior to their adoption, however, plaintiff filed a motion for leave to file an amended complaint alleging deliberate indifference against defendant Jacoby. Also prior to their adoption, Jacoby filed a motion to dismiss plaintiff's amended complaint. On October 18, 2010, the undersigned dismissed plaintiff's amended complaint for failure to state a claim and granted plaintiff leave to file a second amended complaint.

On October 20, 2010, plaintiff filed a motion to amend and a copy of a proposed second amended complaint. On October 28, 2010, defendant filed a motion to dismiss. On November 5, 2010, plaintiff filed a "motion for leave to file a second amended complaint." The complaint attached to the motion is plaintiff's third amended complaint.

SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

1  Rule 8(a) (2) of the Federal Rules of Civil Procedure "requires only 'a short and
2  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
3  defendant fair notice of what the ... claim is and the grounds upon which it rests.' " <u>Bell Atlantic</u>
4  <u>Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (<u>quoting</u> <u>Conley v. Gibson</u>, 355 U.S. 41, 47
5  (1957)). However, in order to survive dismissal for failure to state a claim a complaint must
6  contain more than "a formulaic recitation of the elements of a cause of action;" it must contain
7  factual allegations sufficient "to raise a right to relief above the speculative level." <u>Bell Atlantic</u>,
8  550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the
9  allegations of the complaint. <u>See</u> <u>Hospital Bldg. Co. v. Rex Hosp. Trustees</u>, 425 U.S. 738, 740
10 (1976). The court must also construe the pleading in the light most favorable to the plaintiff and
11 resolve all doubts in the plaintiff's favor. <u>See</u> <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

DISCUSSION

1. <u>Second Amended Complaint</u>

In the second amended complaint, plaintiff, a protective custody inmate, alleges that, while he was housed at Sacramento County Jail, defendant Deputy Jacoby, the control booth officer, opened plaintiff's cell door and allowed an inmate named Caudle into the cell. Plaintiff claims Caudle beat him, causing numerous injuries. He further claims that despite calls for help from inmates in surrounding cells, aid did not arrive in a timely manner. In the second amended complaint, plaintiff seeks to add two individual defendants: Deputy H. Covington and Lieutenant Fitch. The only charging allegation as to Covington is that he was on duty with Jacoby on the morning of the attack. As to Fitch, plaintiff states only that he was the commander at the main jail. Plaintiff also brings forth a claim against Sacramento County as the employing agency of the three individual defendants.

The allegations of plaintiff's second amended complaint remain so conclusory that the court determines that plaintiff again fails to state a claim for relief. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and

3

must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). In this regard, plaintiff must allege, with at least some degree of particularity, overt acts which the defendants engaged in that support his claims. Id. Other than conclusory allegations, plaintiff again fails to state a claim against Jacoby. Plaintiff's claim similarly fails as to Covington.

Further, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir.1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). A supervisory defendant must either: personally participate in the alleged deprivation of constitutional rights; know of the violations and fail to act to prevent them; or promulgate or implement a policy "so deficient that the policy itself is a repudiation of constitutional rights" and is "the moving force of the constitutional violation." Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Taylor v. List, 880 F .2d 1040, 1045 (9th Cir. 1989). Here, plaintiff fails to state any facts as to Fitch.

Lastly, as to defendant Sacramento County, "[a] municipality may be held liable under a claim brought under § 1983 only when the municipality inflicts an injury, and it may not be held liable under a respondeat superior theory." Gibson v. County of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002) (citing Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 (1978)). Plaintiff's second amended complaint fails to state any facts as to Sacramento County.

Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a), the second amended complaint must be dismissed.

/////

/////

2.     Third Amended Complaint

In the third amended complaint, plaintiff states substantially identical facts as in the second amended complaint. Again, plaintiff's allegations fail as to all defendants. There are simply no facts upon which this court may make a finding that any of the defendants knew of and disregarded an excessive risk to plaintiff's safety when the cell door was opened for Caudle. Plaintiff also fails to state a claim for deliberate indifference for the alleged delay in providing medical care.

Once again, the court has found that plaintiff's allegations are insufficient to state a claim on which relief may be granted for violation of plaintiff's federal civil rights. Moreover, it is now is clear from plaintiff's latest ineffectual attempt that plaintiff simply is incapable of curing by amendment the deficiencies identified and discussed in the court's prior dismissal orders. Consequently, there is no need for the court to prolong this litigation by permitting further amendment. See, e.g., Lipton v. Pathogenesis Corp., 284 F.3d 1027, 1039 (9th Cir. 2002); In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 991 (9th Cir. 1999).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for extension of time is denied;

2. Plaintiff's motion to amend is granted;

3. Plaintiff's "motion for leave to file a second amended complaint" is granted; and

IT IS HEREBY RECOMMENDED that

4. Defendant Jacoby's motion to dismiss be denied; and

5. This action be dismissed without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

5

1  "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised
2  that failure to file objections within the specified time may waive the right to appeal the District
3  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
4  DATED: November 15, 2010.

                                           _____
                                           UNITED STATES MAGISTRATE JUDGE

8  /014;knan0005.mtd3